```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
TOREY MOWATT,

                  Plaintiff,
                                           ORDER
        -against-                          20-CV-3890(JS)(AKT)

NASSAU COUNTY CORRECTIONAL CENTER,

                  Defendant.
----------------------------------X
```

APPEARANCES

For Plaintiff:     Torey Mowatt, pro se
                   679138
                   Suffolk County Correctional Facility
                   110 Center Drive
                   Riverhead, New York 11901[1]

For Defendant:     No appearances.

SEYBERT, District Judge:

By Memorandum and Order dated November 19, 2020, the Court granted the applications filed by incarcerated pro se plaintiff Torey Mowatt ("Plaintiff") to proceed in forma pauperis

---

[1] Although Plaintiff filed these Complaints while he was incarcerated at the Nassau County Correctional Center, he was subsequently transferred to the Suffolk County Correctional Facility. (See Notice of Change of Address filed in Case No. 20-CV-3890 only, ECF No. 9.) Accordingly, as a one-time courtesy, the Court updated Plaintiff's address and instructed Plaintiff that, "should his address change, he is required to update his address with the Court." (Memo & Order, ECF No. 10 at 1-2 n.1.) By letter dated December 14, 2020, Sergeant Greg Lambert notified the Court that Plaintiff was discharged from the Suffolk County Correctional Facility on December 3, 2020. (See ECF No. 12.) To date, Plaintiff has not updated his address, nor has he otherwise communicated with the Court.

1

in each of the three civil rights Complaints filed in this Court against the Nassau County Correctional Center ("Defendant").[2] (See Memo & Order, ECF No. 10.) The Court also consolidated Plaintiff's Complaints pursuant Federal Rule of Civil Procedure 42 and dismissed his claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). Plaintiff was granted leave to file an Amended Complaint within thirty (30) days from the date of the November 19, 2020 Memorandum and Order. (See Memo & Order at 16.)

To date, Plaintiff has not filed an Amended Complaint nor has he otherwise communicated with the Court. Although the Court has learned that Plaintiff was discharged from the Suffolk County Correctional Facility on December 3, 2020 (see ECF No. 12), Plaintiff has not updated his address with the Court despite being reminded to do so. (See Memo & Order at 1-2 n.1 ("Plaintiff is reminded that, should his address change, he is required to update his address with the Court." (emphasis added)).) Moreover, the Court's November 19, 2020 Memorandum and Order, which was sent to Plaintiff at the Suffolk County Correctional Facility, has not been returned to the Court as undeliverable. Dunn v. Albany Med. Coll., 445 F. App'x 431, 432 (2d Cir. 2011) ("Our precedent makes

---

[2] The Court consolidated the cases assigned Case Numbers 20-CV-3889 and 20-CV-3891 into this case.

clear, however, that where the record shows that a properly addressed piece of mail was placed in the care of the Postal Service, that piece of mail 'is presumed to have been delivered.'" (quoting Hoffenberg v. Comm'r, 905 F.2d 665, 666 (2d Cir. 1990)); Miner v. Clinton Cty., N.Y., 541 F.3d 464, 472 (2d Cir. 2008) (letters sent by first class mail, having not been returned as undeliverable, are presumed to "have been delivered to the correct address"). Thus, Plaintiff is presumed to have received the Court's November 19, 2020 Memorandum and Order which, among other things, informed him of (1) his right to file an amended complaint within thirty days from November 19th and (2) of the requirement to update his address with the Court should his address change.

In an abundance of caution and given Plaintiff's pro se status, the Court affords Plaintiff a final opportunity to amend his Complaint. Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear only the Case Number of this Consolidated Action, 20-CV-3890(JS)(AKT), and **shall be filed within thirty (30) days from the date of this Order. Plaintiff is cautioned that an Amended Complaint completely replaces the original.** Therefore, Plaintiff must include any and all claims against any Defendant(s) he seeks to pursue in the Amended Complaint, should he elect to file an Amended Complaint.

Plaintiff shall also update his address with the Court.  **If Plaintiff fails to file an Amended Complaint within the time allowed, absent a showing of good cause, the Clerk of Court shall enter judgment in accordance with the November 19, 2020 Memorandum and Order, and this case will be closed.**

The Clerk of the Court shall mail a copy of this Order to Plaintiff at his address of record.  Although it is unlikely that this Order will reach Plaintiff at the Suffolk County Correctional Facility, this Order will also be posted on the Court's Electronic Case Filing System, and it is possible that Plaintiff may view it there.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    January  8 , 2021
          Central Islip, New York

4